UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Kenya Toliver, individually and as
mother and natural guardian of her
children; Lemeul Robertson, Whitney
Steen, Evin Toliver, Noel Toliver,
Terin Toliver, Erin Toliver, all
minors

    Plaintiffs – Pro Se

Case: 2:07-cv-14179
Assigned To: Duggan, Patrick J
Referral Judge: Scheer, Donald A
Filed: 10-02-2007 At 08:49 AM
PRIS TOLIVER V LUTHERAN&#039;S SOCI
AL SERVICES (TAM)

    v.

Lutheran Social Services, an agency for
the Department of Human Services, Michigan
Department of Human Services, an agency of
the State of Michigan and Wayne County,
Department of Community Health, an agency
of the State of Michigan

    Defendants

    and

Lauren Le Fleur and La'Kia Maxwell
Ms. Morman, Jane Doe, supervisor for
L. Maxwell, in their individual and
official capacities

    Defendants

## CIVIL RIGHTS COMPLAINT
## WITH A JURY DEMAND

1. This is a §1983 and §1985 action filed by Kenya Toliver, alleging violations of her constitutional rights, and those of her children, as such also alleging, conspiracy to interfere with civil rights, an acts involving obstruction of justice, depriving of rights and privileges. The plaintiffs are seeking money damages, declaratory judgment, an injunctive relief. The plaintiffs also request a trial by jury.

### JURISDICTION

2. This is a civil rights action under 42 U.S.C §1983, 1985. This Court has jurisdiction under 28 U.S.C. §1343. Plaintiffs also invokes the pendent jurisdiction of this Court.

DEFENDANTS LISTED

Lauren Le Fleur
21700 Northwestern Hwy Ste. 1300
Southfield, Michigan 48075


La>Kia Maxwell
21700 Northwestern Hwy Ste. 1300
Southfield, Michigan 48075


Ms. Morman
8145 E. Jefferson
Detroit, Michigan 48214


Department of Human Services
Post Office Box 30037
Lansing, Michigan 48909


Department of Community Health
611 W. Ottawa
Post Office Box 30670
Lansing, Michigan 48909

**PARTIES**

3. Plaintiff, Kenya Toliver is presently incarcerated at Scott Facility in Plymouth, Michigan, MDOC.

4. Defendant, La'Kia Maxwell is the Foster Care Worker of Lutheran Social Services and is responsible for providing services and assistance designed to keep families intact, while encouraging and strengthening parental relationships.

5. Defendant Lauren Le Fleur is the Foster Care Worker of Lutheran Social Services and is responsible for submitting reports to the Court which provides an account of the services and assistance involved in keeping the family intact. Defendant is also to encourage and strengthen the mother-child relationship.

6. Defendant, Ms. Morman, an intake worker of Lutheran Social Services and is responsible for accessing circumstances which led to children coming under jurisdiction of the Court. Defendant is also responsible for placing children in a safe and suitable foster home, while setting up initial visitation with parent.

7. Defendant, Jane Doe, a supervisor of Defendant Maxwell, employed with Lutheran Social Services. She is ultimately responsible for the training and supervision of the social workers contracted through the Department of Human Services, whose name is presently unknown to plaintiff.

8. Defendant, Lutheran Social Services of Michigan, a foster care agency that is contracted through the Department of Human Services.

9. Defendant, Department of Human Services is ultimately responsible for the agency contracted to diligently make all efforts to provide assistance to keep the family intact.

10. Defendant, Department of Community Health is responsible for the ethical and professional conduct of the social workers licensed to practice social work and provide services to the community. The social workers ability to practice falls under the supervision of the Department of Community Health.

11. All Defendants have acted under "color of state law" during all times relevant to this complaint.

## FACTS

12. On December 8, 2005, the plaintiff experienced an episode of illness that required psychiatric hospitalization. Upon being admitted to St. John Riverview Hospital in Detroit, Michigan, the plaintiff had no relatives to pick children up from the emergency room so authorities were contacted.

13. The five children of plaintiff were placed under the care and supervision of LSSM. Plaintiff has six children. One minor child was not in custody and stayed with his maternal grandfather.

14. Plaintiff, after being released from St. John Hospital was contacted by FIA protective service workers. One child was not in custody. Plaintiff told the agency the location of the child and he was allowed to remain with his maternal grandfather.

15. (January, 2006) A family court proceeding was scheduled to determine whether the children should remain under the courts jurisdiction. It was decided that the children remain under the courts jurisdiction. It was decided that the children remain in custody until the mother was stabilized and conditions which led to the adjudication no longer existed. Plaintiff was given unsupervised visitation with her children for Christmas and the New Year holiday. Minor child, Lemuel Robertson, sixteen years old was present with mother at the court proceedings.

16. (January, 2006) LSSM worker failed to bring the minor child, Lemuel Robertson into custody after the court had placed the children under its jurisdiction. The child was allowed to remain with mother after court, so she could take him to school. Due to a terrible snow storm, plaintiff was unable to return minor child to maternal grandfather's home. Grandfather of the child lived in a senior citizens apartment building and was unable to allow the child to stay.

17. Ms. Morman insisted on the child remaining anyway. Defendant Morman was notifed by phone of the situation. Ms. Morman threatened to charge the plaintiff with kidnapping. The plaintiff returned minor child to LSSM office in Southfield, Michigan as soon as the weather broke. Defendant, Ms. Morman punished the plaintiff by not allowing the plaintiff to visit any of her children on Christmas or the New Year holiday. Plaintiff did not see or know the well-being of her children for three weeks.

18. (January,2006) The Plaintiffs case was treated like an abuse or neglect case instead of a mother that needed psychological services and assistance because she did not have a sitter at the time of her emergency hospitalization.

19. (February,2006) Defendant, La'Kia Maxwell was to provide adequate services and assistance designed to keep the family intact and encourage and strengthen the parental relationship. Instead, Defendant and her supervisor decided plaintiff did not handle stress well and made things difficult for her to "see how she handled extreme pressure". No stress management was offered to plaintiff, just very difficult tasks, impossible for anyone to achieve. Defendants wanted to see how bad plaintiff wanted her children and applied pressure on her whenever possible.

20. Defendant, La'Kia Maxwell lacked experience and was unable to access what assistance was needed to obtain sufficient mental health services for plaintiff. Defendant, Jane Doe "took it upon herself" to make all final decisions without ever meeting plaintiff. Defendant, Jane Doe, told La'Kia Maxwell that "she doesn't need her kids", referring to plaintiff, and Maxwell told plaintiff Jane Doe's words and feelings.

21. (February,2006) LSSM defendant La'Kia Maxwell failed to follow court ordered visitation. The court ordered non-supervised weekly visits that the plaintiff did not receive, without any reasonable explanation. Plaintiff was growing desperate to spend some time with her children.

22. (March,2006) Defendant, La'Kia Maxwell denied plaintiff children's right of religious freedom. Unsupervised visitation was in place. Defendant Maxwell stated "no, you cannot take them to church because it is too close to your house.

23. (Feb-March,2006) Defendant, La'Kia Maxwell failed to obtain psychological evaluation for plaintiff ordered by court. Plaintiff was left basically responsible for her own recovery. No assistance or services were provided. Ms. Toliver's individual therapy sessions were abruptly stopped because Defendant Maxwell insisted upon her attending orientation for parenting class.

24. Plaintiff had gained employment three weeks after the children came under the courts jurisdiction. Agency and defendant Maxwell failed to assist her in keeping the source of income. Plaintiff was forced to quit the job to attend parenting class. Defendant Maxwell failed to refer her to a parenting class at a different time than work. Plaintiff was told by worker that she had to provide proof of attending class in order to continue visitation. Plaintiff only saw children one hour a week for six children, that is 9.5 minutes for each child. Plaintiff never received court ordered unsupervised visitation.

25. Defendant, La'Kia Maxwell and defendant Jane Doe's incompetance caused plaintiff to suffer a psychological relapse from stress of not seeing her children, not being able to work, and not having adequate mental health services. Plaintiff is now serving an eighteen month sentence for an assaultive crime. Plaintiff never had a prior criminal record or history.

26. Although the plaintiff is incarcerated, she has now through the MDOC received psychological services and assistance to improve. Defendant Maxwell stopped all plans for reunification of family. Plaintiff has a short sentence and will be released. Defendant Maxwell has not done anything to strengthen the parental relationship or keep the family intact. Defendant did not respond to letters from plaintiff asking about her children.

27. Defendant Maxwell has continued to keep children away from plaintiff without due process of law. Mother still has parental rights. Defendant Maxwell has failed to provide the court with information regarding Ms. Toliver's psychological services which she has been receiving through the Department of Corrections, and has misrepresented evidence from the whole record.

28. (April 19, 2007) Court proceeding was held. Plaintiff was not present. Defendant La'Kia Maxwell misrepresented information to the court by stating that Ms. Toliver broke a privacy agreement by writing the foster mother of her seventeen year old son, Lemeul Robertson. Defendant Maxwell failed to inform the court the contents of the letter. The letter was written out of concern for the minor child. The defendant Maxwell had failed to give the child letters from his mother and did not respond to to letters sent to Defendant Maxwell stating that the mother was very concerned with the childs well-being. Defendant La'Kia Maxwell asked the court to stop all contact between mother and Children.

29. May 2007- Defendant Lauren Le Fleur was put in place as the new foster care worker in charge of plaintiffs case and minor children. Defendant Le Fleur was in a position to rectify the conditions preventing unifying plaintiffs family, but failed to do so. Defendant Le Fleur failed to follow the courts visitation instructions.

30. August 2007- Plaintiff Ms. Toliver was visited by child protective service. Although Defendant Le Fleur failed to follow the courts instructions, she did manage to send a referral to CPS against minor child Whitney Steen, regarding inappropriate touching of her female sibling. This was done out of retaliation against mother because of her complaints.

31. A professional social worker should have known the children were at the legal protective age to consider any wrong doing. The minor child was questioned by authorities without consent of mother. The incident was 5 years ago and was brought up as a means to distort, misrepresent and modify the facts of the whole record.

32. From May-September 2007, Defendant Le Fleur has failed to produce plaintiffs children. The court has allowed the defendants to violate Ms. Toliver and her minor childrens rights. Defendant Le Fleur has failed to perform her professional responsibility, while the Departmnet of Human Services and Department of Community Health have shown deliberate indifference to all complaints.

33. Plaintiffs children have been kept away without any Due Process Procedure. Ms. Toliver has not had any opporitunity to defend herself and the case is severely predjudiced because she is incarcerated. The court date is set for October 15, 2007. Plaintiff should have been writ out but the judge has went back on his own word. All the evidence has been misrepresented and a serious constitutional violation exist.

**RELIEF**

**WHEREFORE,** plaintiffs request this Honorable Court to grant the following relief:

A.  Issue a declaratory judgment that defendants violated the United States Constitution and state law when they:

1. Deprived plaintiff of access to her children without justification or Due Process of law.
2. Caused serious emotional damage to minor plaintiffs by depriving access to their mother without Due Process of law.
3. Conspired to deprive plaintiffs of their civil rights by abusing discretion and powers given by virtue of state law.
4. Were in excess of their statutory authority or jurisdiction by failing to follow court orders, misrepresentation, and obstructing justice.
5. Failed to provide necessary psychological services to plaintiff and assistance to keep her family intact.

B.  Issue a temporary restraining order or preliminary injunction ordering that defendants or their agency:

1. Cease and desist from any and all involvement of plaintiffs, immediately.
2. Expedite removal from plaintiffs Family Court case.
3. Retract petition to terminate parental rights of children of plaintiff based on the fact that all allegations are false.

C.  Grant compensatory damages in the following amount:
1. 50,000 against defendant La'Kia Maxwell
2. 50,000 against defendant Lauren Le Fleur
3. 50,000 against defendant Ms. Morman
4. 75,000 against defendant Jane Doe
5. 50,000 against defendant, Lutheran Social Services for each employed defendant

D. Grant punitive damages against: **LUTHERAN SOCIAL SERVICES, DEPARTMENT OF HUMAN SERVICES, DEPARTMENT OF COMMUNITY HEALTH AND WAYNE COUNTY** for the amount of 100,000 each.

E. Grant such other relief as it may appear plaintiff is entitled.

Respectfully submitted,

*Kenya Toliver*

Kenya Toliver 619154
Scott Correctional Facility
47500 Five Mile Road
Plymouth, Michigan 48170

## III. STATEMENT OF FACTS

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include the names of other people, dates, and places involved in the incident. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim on blank 8 ½ x 11" sheets of paper and attach them to the last page of this complaint.

## IV. RELIEF

State briefly and exactly what you want the Court to do for you.

TAKE JURISDICTION OVER MY FAMILY COURT CASE. THERE IS A SERIOUS CONSTITUTIONAL VIOLATION ISSUE WHICH NEED TO BE LOOKED AT

I declare under penalty or perjury that the foregoing is true and correct.

9-27-07
(Date)

(Your Signature)

*Prisoner Civil Rights Complaint — Page #4*

STATE OF MICHIGAN
County of Wayne
3rd Judicial Circuit Court
Family Division, Juvenile Division
HONORABLE VIRGIL C. SMITH

| In the matter of Robertson, Steen, Toliver Children | Case No. 05-449-191<br>Petition No. 07-008-186 |
|---|---|
| Alexis A. Glendening P-32209<br>Attorney for Kenya Toliver<br>110 Kenwood Rd.<br>Grosse Pointe Farms MI 48236<br>(313) 885-5584 | Michigan Attorney General<br>Robert Martin<br>Department of Human Services<br>1025 East Forest<br>Detroit MI 48207 |
| William Berardo<br>Attorney for the Children<br>2900 Coolidge Hwy<br>Berleky, MI 48207 | Patricia McAuliffe<br>Attorney for Anthony Granberry<br>P.O. Box 5464<br>Plymouth MI 48170 |
| Beth Ann Miller<br>Attorney for Charles Hicks<br>615 Griswold Ste 600<br>Detroit, MI 48226 | |

## MOTION FOR VISITATION AND CLARIFICATION OF COURT'S ORDER

Alexis Ann Glendening as attorney for the Respondent Kenya Toliver, requests that this Court grant her motion for visitation and for enforcement of the court's verbal order to strike the child Lemeul Robertson from the permanent custody petition and to compel the agency to accommodate visitation for Respondent mother.

In support of her motion, Respondent states the following:

1. All parties were present at a pre trial hearing on 6- 29-2007 before this honorable court.

2. At that time the court determined that, due to the age of Lemeul Robertson (d/o/b

1-23-90), he should be stricken from the petition.

3. The court further ordered that the agency should facilitate visitation between Lemeul Robertson and Respondent mother who is incarcerated at Scott Correctional Facility in Plymouth Michigan. To date no visitation has occurred.

4. The child's attorney who was present at the pretrial was supportive of that visitation.

5. The respondent is further requesting visitation with all of her children and would state that visitation would not be harmful to the children. The child Whitney Steen (d/o/b 11-23-93) is also of an age where her wishes should be considered for visitation with her mother.

Wherefore, Respondent mother is requesting that the court compel the agency to facilitate visits with Lemeul Robertson, and grant her request for visitation with all of her children.

_____
Alexis Glendening P-32209

**Alexis A. Glendening**
*Attorney and Counselor*
110 Kenwood Road
Grosse Pointe Farms, Michigan 48236
(313) 885-5584

August 12, 2007

**Dear Ms Toliver,**

    I am in receipt of your letter and I share your frustration and disappointment with the fact that agency has not facilitated a visit between you and your son Lemeul. I have made many efforts to make this happen. However I feel it is necessary to file a motion with the court. Attached is a copy of my motion. I will notify you of the date and time. I will assume that you wish to be present by speakerphone.

    I will try to re- explain my advise to you to waive the 63-day rule regarding the petition for permanent custody. In child protective proceedings a petition for permanent or temporary custody must be heard within 63 days from the filing of the petition or it is subject to dismissal. You need to understand that there is nothing to prohibit the petitioner from re-filing at any time after dismissal with virtually the same allegations. As I explained to you at the pre-trial, I felt it was in your benefit to waive the time constraint on the petition due to your belief that you have a good chance for parole in the near future. If we did not waive the 63-day rule, the Court would have had your trial much sooner that our October date. I feel that was in your best interests because the petitioner's main allegation is that you are not in a position to plan for your children due to your incarceration. I sincerely hope that your petition for parole is successful.

    I know that we have discussed some witnesses that your would like me to subpoena. Please send me the list with as much information as to names and addresses that you have.

    I will inform you of the date of our motion when I receive it.

                                                Sincerely,

                                                Alexis Glendening

encl.



STATE OF MICHIGAN
DEPARTMENT OF COMMUNITY HEALTH
LANSING

JENNIFER M. GRANHOLM
GOVERNOR

JANET OLSZEWSKI
DIRECTOR

August 1, 2007

Kenya Toliver, #619154
Robert Scott Correctional Facility
47500 Five Mile Road
Plymouth, Michigan 48170

RE: Lutheran Social Services

Dear Ms. Toliver:

Your letter of July 26, 2007, addressed to the Board of Social Work has been referred to me for review and response.

While I empathize with the issues you have encountered with Lutheran Social Services of Southfield, your issues must be addressed with the judge who issued the orders that you claim are not being complied with by the agency. Only that judge has the authority to decide how best to address their non-compliance with court orders. Our bureau does not have jurisdiction to enforce court orders issued by the Wayne County Family Court.

I am sorry that our bureau is unable to be of service to you in regard to your issues with LSS.

Yours truly,

Ray R. Garza, Division Director
Health Regulatory Division
Bureau of Health Professions

STATE OF MICHIGAN
DEPARTMENT OF ATTORNEY GENERAL



P.O. Box 30212
LANSING, MICHIGAN 48909

**MIKE COX**
ATTORNEY GENERAL

June 25, 2007

Ms. Kenya Toliver # 619154
Scott Correctional Facility
47500 Five Mile Rd.
Plymouth, MI 48170

Dear Ms. Toliver:

My staff has reviewed your letter regarding the way you and your family have been treated by Lutheran Social Services which is under contract with the Department of Human Services (DHS). You wish help with your case.

I understand your concerns regarding this matter. However, the Attorney General has no supervisory authority over the employees, programs, services and contract agents of the DHS. In an effort to assist you, I have forwarded your complaint to the Director of the DHS asking her to personally review your allegations. If you have additional questions or concerns, you may contact the Director at the following address:

    Department of Human Services
    Director's Office
    P.O. Box 30037
    Lansing, MI 48909

I trust DHS will seriously look into your complaint and will contact you.

Sincerely yours,

Mike Cox
Attorney General

c: Director, DHS

STATE OF MICHIGAN
DEPARTMENT OF ATTORNEY GENERAL



MIKE COX
ATTORNEY GENERAL

CADILLAC PLACE
3030 WEST GRAND BOULEVARD
DETROIT, MICHIGAN 48202

July 5, 2007

Ms. Kenya Toliver #619154
Scott Correctional Facility
47500 Five Mile Rd.
Plymouth, MI 48170

Dear Ms. Toliver:

  I am in receipt of your letter regarding Lutheran Social Services (LSS). Specifically, you indicate in your letter that you are the mother of six minor children. You further indicate that because of medical and legal issues, your parental rights were terminated by the family court and that some of your children are now in foster care under the supervision of LSS. You believe that these actions by the family court and LSS are unlawful and in violation your constitutional rights. You are asking this office for assistance in this matter.

  The Attorney General is responsible for providing legal advice to various state departments and officials. The law does not permit him to act as an attorney to private individuals. Therefore, this office is unable to assist you in this matter. I suggest you contact a private attorney. If you need assistance with locating an attorney, you can call the State Bar Lawyer Referral Service at its toll-free number, 1-800-968-0738. This service should be able to refer you to a number of good attorneys in your area.

  I sincerely regret my inability to assist you in this matter.

Sincerely yours,

*Ron D. Robinson*

Ron D. Robinson
Assistant Attorney General

CR\all.div\AA.cit\07letters\Toliver (social.services)



JENNIFER M. GRANHOLM
GOVERNOR

STATE OF MICHIGAN
**DEPARTMENT OF CIVIL RIGHTS**
EXECUTIVE

LINDA V. PARKER
DIRECTOR

Wednesday, July 25, 2007

Kenya Toliver (619154)
Robert Scott Correctional Facility
47500 Five Mile Rd.
Plymouth, MI 48170

Dear Ms. Toliver:

This is to acknowledge receipt of your letter by this agency. The Michigan Department of Civil Rights does not represent any individual in a court of law in criminal or civil matters; nor do we provide any individual with legal advice or legal assistance. You will need to seek the counsel of an attorney to pursue your concerns.

Sincerely,

Phillip Doud
Administrative Assistant

pd
2r:was

# CIVIL COVER SHEET FOR PRISONER CASES

| Case No. 07-14179 | Judge: Patrick J. Duggan | Magistrate Judge: Donald A. Scheer |
|---|---|---|

| **Name of 1st Listed Plaintiff/Petitioner:**<br>Kenya Toliver, et al | **Name of 1st Listed Defendant/Respondent:**<br>Lutheran Social Services, et al |
|---|---|
| **Inmate Number:** 619154 | **Additional Information:** |
| **Plaintiff/Petitioner's Attorney and Address Information:** | |
| **Correctional Facility:**<br>Robert Scott Correctional Facility<br>47500 Five Mile Road<br>Plymouth, MI 48170<br>WAYNE COUNTY | |

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☒ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☒ IFP *In Forma Pauperis*
- ☐ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?
   - ☐ Yes    ☐ No
   - ➤ If yes, give the following information:
     - Court: _____
     - Case No: _____
     - Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)
   - ☐ Yes    ☐ No
   - ➤ If yes, give the following information:
     - Court: _____
     - Case No: _____
     - Judge: _____