UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENYA TOLIVER, individually and as
guardian of LEMUEL[1] ROBERTSON,
WHITNEY STEEN, EVIN TOLIVER,
NOEL TOLIVER, TERIN TOLIVER,
and ERIN TOLIVER,

        Plaintiff,

v.                                                      Case No. 07-14179
                                                             Honorable Patrick J. Duggan

LUTHERAN SOCIAL SERVICES,
MICHIGAN DEPARTMENT
OF HUMAN SERVICES,
WAYNE COUNTY DEPARTMENT
OF COMMUNITY HEALTH,
LAUREN LE FLEUR, LA'KIA MAXWELL,
MS. MORMAN, and JANE DOE,

        Defendants.
_____/

**ORDER (1) DISMISSING THE MICHIGAN DEPARTMENT
OF HUMAN SERVICES AND WAYNE COUNTY DEPARTMENT
OF COMMUNITY HEALTH, (2) DIRECTING SERVICE
OF THE COMPLAINT ON THE REMAINING DEFENDANTS,
(3) DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, AND
(4) DENYING DEFENDANTS' MOTION TO DISMISS**

On October 2, 2007, Kenya Toliver ("Plaintiff") filed a *pro se* complaint alleging

violations of her and her children's constitutional rights under 42 U.S.C. §§ 1983 and

1985. Fairly understood, Plaintiff's complaint alleges that defendants violated her

---

[1]Plaintiff uses "Lemeul" in the caption of her complaint and "Lemuel" in the body of the complaint. The Court will use the latter spelling because it appears to be the correct spelling of the name.

constitutional right to familial association. Also pending before the Court are: (1) a motion for default judgment filed by Plaintiff; and (2) a motion to dismiss for failure to effectuate service filed by Defendants Lutheran Social Services of Michigan ("LSS"), Lauren LeFleur, La'Kia Maxwell, and Ms. Morman. Plaintiff was a state prisoner when she filed this lawsuit on October 2, 2007. However, State court records confirm that Plaintiff was released on parole on November 20, 2007. Defendants are: LSS, a foster care agency; the Michigan Department of Human Services; Wayne County Department of Community Health; Lauren Le Fleur and La'Kia Maxwell, who are or were foster care workers for LSS; Jane Doe, Ms. Maxwell's supervisor; and Ms. Morman, an intake worker at LSS.

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. All or part of a complaint filed without prepayment of the filing fee may be dismissed if it: (1) is frivolous, malicious, or fails to state a claim for which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989).

In determining whether a claim fails to state a claim for which relief can be granted, "a district court must accept as true all allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff." *Kottmyer v. Mass*, 436 F.3d 684, 688 (6th Cir. 2006). While a complaint need not contain detailed factual allegations, a plaintiff's obligation to allege grounds entitling her to relief "requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1965 (2007)(citations omitted).

The Michigan Department of Human Services must be dismissed because the Eleventh Amendment bars civil rights actions against a state and its departments unless the state has waived its immunity. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 2309 (1989). Eleventh Amendment immunity "is far reaching. It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens." *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)(citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-01, 104 S. Ct. 900, 908 (1984) and *Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504 (1890)). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004)(citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate the states' sovereign immunity under the Eleventh Amendment when it enacted § 1983. *Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). Therefore, the Michigan Department of Human Services is dismissed from this lawsuit as it is immune from suit under the Eleventh Amendment.

Defendant Wayne County Department of Community Health must also be dismissed. "[C]ounty liability is limited to situations in which the deprivation of constitutional rights results from an official policy or custom of the county." *Petty v.*

*County of Franklin*, 478 F.3d 341, 347 (6th Cir. 2007). Plaintiff has failed to allege the Wayne County Department of Community Health maintained a custom or policy which resulted in the deliberate violation of her constitutional rights. The Court therefore believes that Plaintiff is suing the Wayne County Department of Community Health under a respondeat superior theory of liability. Respondeat superior, or vicarious liability, is not a basis for relief under § 1983. *Canton v. Harris*, 489 U.S. 378, 385, 109 S Ct. 1197, 1203 (1989)(citing *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 694-95, 98 S. Ct. 2018 (1978)). Therefore, the Wayne County Department of Community Health is also dismissed from this lawsuit.

The Court determines that service of the complaint is appropriate on the remaining defendants.

Accordingly,

**IT IS ORDERED** that the Michigan Department of Human Services and the Wayne County Department of Community Health are summarily dismissed from this action pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that the United States Marshal serve the appropriate papers on LSS, Lauren Le Fleur, La'Kia Maxwell, and Ms. Morman.

**IT IF FURTHER ORDERED** that Plaintiff's motion for default judgment is **DENIED** as the defendants have not yet been served.

**IT IS FURTHER ORDERED** that the remaining defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) is **DENIED** as premature because

4

defendants have not yet been served by a United States Marshal as required by Federal Rule of Civil Procedure 4(c) and because time remains to serve the remaining defendants pursuant to Federal Rule of Civil Procedure 4(m).

DATE:January 14, 2008                                        s/PATRICK J. DUGGAN
                                                             UNITED STATES DISTRICT JUDGE


Copies to:
Kenya Toliver
2237 Moore Apt. 3
Lincoln Park, MI 48146

Richard J. Gianino, Esq.