UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENYA TOLIVER, individually and as
guardian of LR, WS, ET, NT, TT, and ET,

    Plaintiffs,                           Case No. 07-14179

v.                                            Honorable Patrick J. Duggan

LUTHERAN SOCIAL SERVICES,
MICHIGAN DEPARTMENT OF HUMAN
SERVICES, WAYNE COUNTY
DEPARTMENT OF COMMUNITY
HEALTH, LAUREN LeFLEUR, LA'KIA
MAXWELL, HEATHER MORMAN, and
JANE DOE,

    Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 27, 2009.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                          U.S. DISTRICT COURT JUDGE

Plaintiff, a former state prisoner, initiated this lawsuit on October 2, 2007, pursuant to 42 U.S.C. § 1983 alleging violations of her and her six children's constitutional right to familial association. On January 14, 2008, the Michigan Department of Human Services and the Wayne County Department of Community Health were dismissed from the case by order of the Court. On August 21, 2008, the remaining defendants Lutheran Social Services, Lauren LeFleur, La'Kia Maxwell, and Heather Morman (collectively "Defendants") filed a

motion for summary judgment which this Court referred to Magistrate Judge Donald A. Scheer. Plaintiffs failed to file a response to the motion.

On December 17, 2008, Magistrate Judge Scheer filed his Report and Recommendation (R&R) recommending that this Court grant Defendants' motion for summary judgment. At the conclusion of the R&R, Magistrate Judge Scheer advises the parties that they may object to and seek review of the R&R within ten days of service upon them. (R&R at 6.) He further specifically advises the parties that failure to file objections constitutes a waiver of any further right of appeal. (*Id.*) Neither party filed objections to the R&R.

The Court has carefully reviewed the R&R and concurs with Magistrate Judge Scheer's recommendation that Defendants' motion for summary judgment be granted. The Court agrees with Magistrate Judge Scheer's conclusion, however, based on a different analysis of Plaintiffs' claims. The R&R posits that Plaintiffs' claims require proof of deliberate indifference but, without addressing that issue, concludes that Defendants are entitled to summary judgment because they acted pursuant to judicial orders with absolute immunity. Before reaching the issue of immunity or the deliberate indifference standard, this Court concludes that Plaintiffs failed to allege an actionable constitutional violation under 42 U.S.C. § 1983.

Plaintiffs' primary complaint appears to be that, while the children were in foster care, Defendants failed to provide or facilitate visitation and services for the family. Although there is a recognized constitutional right to familial association, the circumstances under which a state actor violates this right remain undefined. *See Kottmyer v. Maas*, 436 F.3d 684, 690 (6th Cir. 2006) ("Although it has recognized this abstract fundamental liberty interest

2

in family integrity, . . . the Supreme Court has yet to articulate the parameters of this right."). It is clear, however, that the right to familial association "is limited by an equaling compelling governmental interest in the protection of children, particularly where the children need to be protected from their own parents." *Id.* Accordingly:

> [M]ost courts which have recognized a protected right to familial association, and allowed parents or their children to recover under § 1983 for alleged unconstitutional conduct primarily directed toward another family member have done so only where the plaintiffs have alleged a permanent, physical loss of association of an immediate family member as a result of unlawful state action.

*Pittsley v. Warish*, 927 F.2d 3, 8 (1st Cir. 1991) *quoted in Bukowski v. City of Akron*, 326 F.3d 702, 712 n.2 (6th Cir. 2003).

Plaintiffs fail to cite, and this Court's independent search has failed to uncover, any case recognizing a federally protected right to visitation or services while children are temporarily housed in foster care pursuant to a valid court order.[1] Indeed, the Sixth Circuit has held to the contrary that there is no federally protected right to "meaningful visitation" in such situations. *Scrivner v. Andrews*, 816 F.2d 261, 263-64 (6th Cir. 1987) (analyzing the Adoption Assistance Act); *see also Young v. County of Fulton*, 999 F. Supp. 282, 286-87 (N.D.N.Y. 1998) (holding that a mother has no constitutional right to visitation with her children who are in foster care). The Court therefore concludes that Plaintiffs have failed to allege a cognizable § 1983 action based of violation of the right to familial association. Because there has been no constitutional violation, all Defendants are entitled to summary

---

[1] Plaintiff does not allege that her children were unlawfully taken into state custody or that she did not receive due process in the family court proceedings.

3

judgment and the Court need not address the issue of immunity.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment is **GRANTED**.

A judgment consistent with this opinion shall issue.


                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:
Kenya Toliver
8246 Kentucky
Detroit, MI 48204

Richard J. Gianino, Esq.